UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON PIERRE LAFRAMBOISE,

    Plaintiff,                               Civil No. 2:25-CV-12772
                                             Hon. Jonathan J.C. Grey

v.

THE MEDICAL DEPT.,

    Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff Jon Pierre LaFramboise is an inmate who is confined at the Saginaw Correctional Facility in Freeland, Michigan. LaFramboise filed a pro se civil rights complaint under 42 U.S.C. § 1983.

On September 9, 2025, Magistrate Judge David R. Grand signed an order of deficiency, which required LaFramboise to provide a signed certification of his prisoner trust account from an authorized prison official and a current computerized trust fund account showing the history of the financial transactions in LaFramboise's institutional trust fund account for the past six months. (ECF No. 5.) The order alternatively allowed LaFramboise to pay the three hundred and fifty ($350.00) dollar filing fee plus the fifty five ($55.00) dollar administrative filing fee in full.

1

LaFramboise was given thirty days to comply. (*Id.*) To date, LaFramboise has not complied with the order.

28 U.S.C. § 1915(a)(2) requires a prisoner who seeks to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

If a prisoner who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court is required to advise the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore*, 114 F.3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id*. The district court must then order that the case be dismissed for want of prosecution. *Id*.

Although LaFramboise submitted an application to proceed without prepayment of fees, the application does not include a certified trust account statement or a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months. LaFramboise's complaint is deficient because he failed to provide the Court with a certified account statement as well as copy of his computerized prison trust fund account for the past six months. *See Davis v. United States,* 73 F. App'x 804, 805 (6th Cir. 2003). Because LaFramboise failed to correct the deficiency order, the Court will dismiss the complaint without prejudice for want of prosecution based upon LaFramboise's failure to comply with the deficiency order. *See e.g. Erby v. Kula,* 113 F. App'x 74, 75–76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Nothing in this order precludes LaFramboise from filing a new civil rights complaint under a new case number, so long as he pays the filing

3

and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

Dated: December 18, 2025

**s/Jonathan J.C. Grey**
JONATHAN J.C. GREY
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2025.

> **s/ S. Osorio**
> Sandra Osorio
> Case Manager